**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

NGA NGUYEN,

      Plaintiff,

v.

TACTIX GROUP INC. d/b/a SKLAR FURNISHINGS,
a Florida Profit Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff, NGA NGUYEN (hereinafter, "NGUYEN" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, TACTIX GROUP INC. d/b/a SKLAR FURNISHINGS ("Sklar" or "Defendant"), and says:

### JURISDICTION AND VENUE

1.      This action is brought against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq, the Florida Minimum Wage Act ("FMWA"), and Florida Common Law.

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4.      All conditions precedent to this action have been performed or waived.

5.      Plaintiff sent a letter of demand to Defendant on or about August 12, 2019, which put Defendant on notice of Plaintiff's intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

### PARTIES

6.      Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a design associate. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e).

7.      Defendant is a Florida Profit Corporation, organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Boca Raton, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.      Defendant is a modern-furnishings showroom, with interior design services, lighting, rugs and decor.

9.      At all times relevant hereto, Defendant was a covered employer under the FLSA, 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

11.     Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

12.     Plaintiff was a non-exempt employee of Defendant and was subject to the payroll practices and procedures set forth hereinafter.

13.     Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

14.     At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 210 – 209 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

15.     Plaintiff worked for Defendant as a design associate from on or about July 26, 2017 until her termination on or about May 3, 2019.

16.     For approximately the first three months of Plaintiff's employment with Defendant, Plaintiff was compensated with a draw of $100.00 per day. Thereafter, Plaintiff was compensated on a straight commission basis.

17.     For certain weeks when Plaintiff was not able to accomplish many sales, Plaintiff's compensation for that week or pay period would fall below the minimum wage required by both the FLSA and FMWA.

18.     Plaintiff worked from 8 a.m. to 8:30 a.m. through 6 p.m. for five days each week. Plaintiff therefore worked an average of approximately forty-five (45) to fifty (50) hours per week.

3

19.     Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

20.     Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

21.     In the course of her employment with Defendant, Plaintiff worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

22.     The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

23.     Paragraph 2.4 of Defendant's Employee Handbook is titled Employee Grievances[1]. The provision states that "SKLAR FURNISHINGS encourages its employees to express concerns about work-related issues, including workplace communication, interpersonal conflict, and other working conditions," and that "SKLAR FURNISHINGS assures that all employees filing a grievance or complaint can do so without fear of retaliation or reprisal."

24.     Plaintiff was the newest design associate at Sklar, but not the least senior one. Nonetheless, despite Plaintiff's seniority and satisfactory performance, she was almost always given the worst account and she was passed over for promotion by a less senior design associate, at least once.

25.     Plaintiff therefore filed her grievances with Linda about the inappropriate and unfair distribution of accounts multiple times, both verbally and in writing.

---

[1] The relevant portion of Defendant's Employee Handbook is attached hereto as Exhibit B.

26.     Plaintiff initially spoke to Linda about the unfair accounts' distribution and Linda suggested that she would resolve the issue.

27.     Nonetheless, the unfair distribution continued.

28.     On April 17, 2019, Plaintiff emailed Linda to readdress the issue, to which no response was provided, and on April 24, 2019, Plaintiff emailed Linda again to follow up.

29.     Instead of addressing and resolving the issue, on or about May 3, 2019, Defendant terminated Plaintiff's employment.

30.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay a reasonable fee for its services.

31.     Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

32.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

33.     During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

34.     During Plaintiff's employment with Defendant, Plaintiff constantly worked over forty (40) hours during each work week in which she was employed. Plaintiff was only paid straight time and never overtime.

35.     Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, nor professional employee.

36.     Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 207(i), in that her regular rate of pay was not in excess of one and one-half times the minimum hourly rate applicable to her pursuant to 29 U.S.C. § 206.

37.     Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

38.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

39.     Defendant knew Plaintiff was not exempt from overtime but refused to compensate her hours worked in excess of forty (40) hours for each work week.

40.     As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

41.     Plaintiff has retained the undersigned firm to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of filing this Complaint, Plaintiff NGA NGUYEN requests judgment for:

a.     Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b.     Interest on the amount found due;

c.     Liquidated damages;

d.     Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e.      Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FLSA/MINIMUM WAGE

42.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

43.     After approximately the first three months of Plaintiff's employment with Sklar, Plaintiff was compensated on a straight commission basis.

44.     For certain weeks when Plaintiff was not able to accomplish many sales, Plaintiff's compensation for that week or pay period would fall below the minimum wage required by FLSA.

45.     Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

46.     As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

a.      Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b.      Interest on the amount found due;

c.      Liquidated damages pursuant to 29 U.S.C. § 260;

d.      Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e.      Such other relief as the Court deems just and proper.

## COUNT III – VIOLATION OF FMWA/MINIMUM WAGE

47.     Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

48.     This Count is brought under the FWMA, §448.110, Fla. Stat.

49.     Plaintiff sent a letter of demand to Defendant on or about August 12, 2019, pursuant to Fla. Stat. §448.08(6)(a). Defendant has failed to remit payment as of the filing of this Complaint.

50.      After approximately the first three months of Plaintiff's employment with Sklar, Plaintiff was compensated on a straight commission basis.

51.     For certain weeks when Plaintiff was not able to accomplish many sales, Plaintiff's compensation for that week or pay period would fall below the minimum wage required by both the FLSA.

52.     Defendant violated the FMWA by paying Plaintiff less than minimum wage within three years of the filing of this Complaint.

53.     Defendant knew Plaintiff worked the amount of hours required of her, but refused to compensate her properly.

54.     As a result of Defendant's willful violation of FMWA, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

        a.      Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

        b.      Interest on the amount found due;

        c.      Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

    d.     Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.110(6)(c)(1); and

    e.     Such other relief as the Court deems just and proper.

<b><u>COUNT IV – PROMISSORY ESTOPPEL</u></b>

55.    Plaintiff re-alleges and re-avers paragraphs 1 – 31 as fully set forth herein.

56.    Through paragraph 2.4 of Defendant's Employee Handbook, Defendant promised that employees, including Plaintiff, filing a grievance or complaint can do so without fear of retaliation or reprisal.

57.    Defendant should have expected the promise to change its employees' behaviors in relying on the Employee Handbook to file grievances and/or complaints without fear of retaliation and reprisal.

58.    In reliance on Defendant's promise in the Employee Handbook, Plaintiff changed her behavior by filing her grievance with Linda about the inappropriate and unfair distribution of accounts multiple times, both verbally and in writing, without fear of retaliation or reprisal.

59.    Nonetheless, Plaintiff's grievance was never addressed, and she was terminated approximately a week after she followed up on her initial written grievance.

60.    Plaintiff would not have filed her grievance with Linda, had she known that her grievance would achieve nothing but her termination.

61.    Due to Defendant's retaliation and/or reprisal against Plaintiff for her filing a grievance pursuant to the Employee Handbook, Plaintiff has suffered damages, including lost wages.

62.    Injustice can be avoided only if the Defendant's promise under the Employee Handbook is enforced.

9

WHEREFORE, Plaintiff NGA NGUYEN requests judgment as follows:

a.      Compensatory damages according to proof at trial;

b.      Consequential damages;

c.      Attorneys' fees and costs associated with this action; and

d.      Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff NGA NGUYEN hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  February 12, 2020.

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:     /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com